| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  __11__ |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Serenova WFM, Inc.** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Loxysoft, Inc.** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **61-1762823** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**216 West Village Blvd., Suite 102**<br>**Laredo, TX 78041**<br>Number, Street, City, State & ZIP Code<br><br>**Webb**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.lifesize.com** | |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor **Serenova WFM, Inc.** Case number (*if known*)_____
_____Name_____

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5132**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
    - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - ☐ A plan is being filed with this petition.
    - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☑ Yes.

Debtor   **Serenova WFM, Inc.**                                          Case number (*if known*) _____
             Name

List all cases. If more than 1,
attach a separate list         Debtor   **See Attachment**                              Relationship _____
                               District _____   When _____   Case number, if known _____

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|
| | | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☑ No |
|---|---|---|
| | | ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
| | | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| | | What is the hazard? _____ |
| | | ☐ It needs to be physically secured or protected from the weather. |
| | | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | | ☐ Other _____ |
| | | **Where is the property?** _____ |
| | |                           Number, Street, City, State & ZIP Code |
| | | **Is the property insured?** |
| | | ☐ No |
| | | ☐ Yes.   Insurance agency _____ |
| | |            Contact name _____ |
| | |            Phone _____ |

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|
| | | ☐ Funds will be available for distribution to unsecured creditors. |
| | | ☑ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☑ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☑ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor __Serenova WFM, Inc.__   Case number (*if known*) _____
       Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __May 16, 2023__
MM / DD / YYYY

X __/s/ Marc Bilbao__   __Marc Bilbao__
Signature of authorized representative of debtor   Printed name

Title __Co-Chief Restructuring Officer__

**18. Signature of attorney**

X __/s/ Benjamin L. Wallen__   Date __May 16, 2023__
Signature of attorney for debtor   MM / DD / YYYY

__Benjamin L. Wallen__
Printed name

__Pachulski Stang Ziehl & Jones LLP__
Firm name

__440 Louisiana Street__
__Suite 900__
__Houston, TX 77002__
Number, Street, City, State & ZIP Code

Contact phone __713-691-9385__   Email address __bwallen@pszjlaw.com__

__24102623 TX__
Bar number and State

Debtor **Serenova WFM, Inc.**  Case number (*if known*)
Name

Fill in this information to identify your case:

United States Bankruptcy Court for the:
SOUTHERN DISTRICT OF TEXAS

Case number (*if known*) _____  Chapter **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Lifesize, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Light Blue Optics, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **LO Platform MidCo, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Serenova, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **SL Midco 1, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **SL Midco 2, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |
| Debtor | **Telstrat, LLC** | | Relationship to you | **Affiliate** |
| District | **Southern District of Texas** | When | Case number, if known | |

## RESOLUTIONS ADOPTED BY THE
## BOARD OF MANAGERS OF SL MIDCO 1, LLC
## ON BEHALF OF ITSELF AND ITS WHOLLY-OWNED
## DIRECT AND INDIRECT SUBSIDIARIES

On May 15, 2023, a meeting of the undersigned, Ryan Wald and Greg Ruffini, constituting all managers of SL Midco 1, LLC (the "**Co-Managers**"), was duly held, at which time the following actions were taken and resolutions adopted on behalf of: (a) SL Midco 1, LLC, a Delaware limited liability company ("**SLM1**"); (b) SLM1's immediate wholly-owned subsidiary, SL Midco 2, LLC, a Delaware limited liability company ("**SLM2**"); (c) the following immediate wholly-owned subsidiaries of SLM2: (i) LO Platform Midco, Inc., a Delaware corporation ("**LOPM**," of which the Co-Managers constitute all directors); and (ii) LifeSize Inc., a Delaware corporation (of which the Co-Managers constitute all directors); (d) LOPM's immediate wholly-owned subsidiary, Serenova, LLC, a Delaware limited liability company; (e) the following immediate wholly-owned subsidiaries of Serenova: (i) Telstrat LLC, a Delaware limited liability company; and (ii) Serenova WFM, Inc., a Delaware limited liability company ("**WFM**," of which the Co-Managers constitute all directors); and (f) the immediate wholly-owned subsidiary of LifeSize, Light Blue Optics, Inc., a Delaware corporation ("**LBO**," of which the Co-Managers constitute all directors). SLM1, SLM2, LOPM, LifeSize, Serenova, Telstrat, WFM, and LBO are, collectively, the "**Company**."

**WHEREAS:**

A. The Co-Managers have reviewed and considered the Company's financial and operational condition and circumstances, the Company's historical performance, the market for the Company's products and services, and the Company's current and long-term liabilities;

B. The Co-Managers have, over the last several months, reviewed the materials presented to them by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company;

C. The Co-Managers have analyzed each of the financial and strategic alternatives available to the Company, including those available on a consensual basis with the Company's principal stakeholders and the impact, benefits, and burdens of those alternatives on the Company' business, long-term debt obligations, and the interest of the Company's stakeholders;

In the exercise of the Co-Manager's best and reasonable business judgment, after due deliberation and consultation with the Company financial and legal advisors,

**IT IS RESOLVED that:**

1. It is desirable and in the best interests of the Company, its creditors, employees, equity holders, and other interested parties that the Company inter into and perform under one or more agreements for a going-concern sale of substantially all the Company's assets to Enghouse Systems Limited, or to another entity offering superior terms for such a sale in accordance with the *Asset Purchase Agreement* substantially in the form provided to the Company on May 15, 2023, between Enghouse Systems Limited as buyer and the Company as sellers (the "**Sale**");

2.      The Sale be implemented through a proceeding under Chapter 11 of the United States Bankruptcy Code so as to maximize the value of the Company's assets for the benefit of the Company's creditors and stakeholders and preserve the Company's operations and relationships with its employees, customers, and vendors;

3.      Voluntary petitions for each of the eight entities constituting the Company be filed in the United States Bankruptcy Court for the Southern District of Texas, Laredo Division (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, commencing a Chapter 11 bankruptcy case for the Company (the "**Case**");

4.      The Company's officers, Marc Bilbao and Michael Yoshimura, serving as the Company's Co-Chief Restructuring Officers (each, an "**Authorized Officer**") be and hereby is authorized on the Company's behalf to execute, verify, and file all petitions, schedules, lists, and other papers or documents, and to take and perform any further actions and steps that he deems necessary, desirable, and proper to successfully prosecute the Case;

5.      Each Authorized Officer, on the Company's behalf, be and hereby is authorized and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as general bankruptcy counsel to represent and assist the Company in carrying out its objectives and duties under Chapter 11 of the Bankruptcy Code, to take any actions deemed necessary, desirable, and proper to advance the Company's rights and objectives in connection with the Case, and to execute appropriate retention agreements, pay appropriate retainers before the filing of the Case, and to cause to be filed an appropriate application for Bankruptcy Court authority to retain PSZ&J's services under Bankruptcy Code § 327(a);

6.      Each Authorized Officer, on the Company's behalf, be and hereby is authorized and directed to retain the services of FTI Consulting, Inc. ("**FTI**") as the Company' financial advisor, effective as of the date the Case is filed and to execute appropriate retention agreements, pay appropriate retainers before the filing of the Case, and to cause to be filed an appropriate application for Bankruptcy Court authority to retain FTI's services under Bankruptcy Code § 328;

7.      Each Authorized Officer, on the Company's behalf, be and hereby is authorized and directed to retain the services of Kurtzman Carson Consultants LLC ("**KCC**") as the Company's claims, noticing, solicitation agent and administrative advisor, effective as of the filing of the Case and to execute appropriate retention agreements, pay appropriate retainers before the filing of the Case, and to cause to be filed an appropriate application for Bankruptcy Court authority to retain KCC's services;

8.      Each Authorized Officer be and hereby is authorized and directed to employ any other professionals necessary to assist such Company in carrying out its duties under the Bankruptcy Code, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on terms deemed necessary, desirable, and proper;

9.      Each Authorized Officer be and hereby is authorized to make decisions with respect to all aspects of the management and operation of the Company's business including, without

limitation, organization, human resources, marketing, sales, logistics, finance, and the administration and oversight of the prosecution of the Case, including, but not limited to, bankruptcy-related reporting requirements, filing of the Statement of Financial Affairs, Schedules of Assets and Liabilities, motions to approve the Sale and for any related relief, closing of the Sale, subject to Bankruptcy Court approval in the Case, negotiation and filing of a Chapter 11 plan and related disclosure statement, claims management, managing outside professionals, and any other task he identifies as necessary or appropriate in his sole and reasonable discretion consistent with the business judgment rule, subject only to appropriate governance by the Co-Managers, in accordance with the Company's governing documents, applicable bankruptcy and non-bankruptcy law and orders of the Court;

10. Each Authorized Officer be and hereby is authorized and directed on the Company's behalf to obtain senior secured post-petition financing up to $5,000,000 provided by Silicon Valley Bank or its designee (the "**DIP Loan**") according to terms negotiated by the Company and set forth in the *Superpriority Secured Debtor-In-Possession Credit Facility Term Sheet* substantially in the form provided to the Company on May 15, 2023, by and between LifeSize and Silicon Valley Bank (the "**DIP Term Sheet**"), to grant liens on the Company's assets as may be contemplated by or required under the DIP Term Sheet and any Bankruptcy Court orders approving the DIP Loan or the use of cash collateral or both, and to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents to obtain the DIP Loan and use of cash collateral, including without limitation the filing of appropriate motions in the Case to obtain the Bankruptcy Court's approval of the DIP Loan and use of cash collateral;

11. Because the Company's accounting, finance, and operations departments will have substantial responsibilities as they work toward a sale of the Company's business, because losing key personnel in these areas would adversely affect the Company's ability to maintain operations and maximize the value of the Company's assets in such a sale, and to incentivize such key personnel to remain in their positions during and through the consummation of the Chapter 11 sale process, each Authorized Officer be and hereby is authorized and directed on the Company's behalf to obtain Bankruptcy Court approval for, and implement, the key employee retention plan set forth and described in the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving a Non-Insider Key Employee Retention Plan and (II) Granting Related Relief* to be filed with the Bankruptcy Court, which the Co-Managers have determined, after due consultation with the Company's legal and financial advisors, reflects a market-based, reasonable approach to ensuring the Company's key personnel are properly compensated for remaining in their positions through the consummation of the Chapter 11 sale process;

12. Each Authorized Officers be and hereby is authorized and directed on the Company's behalf to take any actions, to execute, deliver, certify, file and record and perform any documents, agreements, instruments, motions, declarations, applications for approvals or rulings of governmental or regulatory authorities, and certificates, and to take any actions and steps he deems necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Case; and

13. Any actions taken by any Authorized Officer or Co-Manager in the name and on behalf of the Company in furtherance of the purpose and intent of any of the foregoing resolutions be and hereby are ratified, confirmed, and approved in all respects.

Dated May 15, 2023

*Ryan Wald*
Ryan Wald (May 16, 2023 11:33 PDT)

Ryan Wald

*Greg Ruffini*
Greg Ruffini (May 16, 2023 14:28 CDT)

Greg Ruffini

**Fill in this information to identify the case:**

Debtor name: Serenova WFM, Inc.

United States Bankruptcy Court for the Southern District of Texas (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Logitech International, S.A.<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $8,374,499.00 |
| 2. | Meritech Capital Lifesize LLC<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $5,425,001.00 |

DOCS_LA:349083.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3. Redpoint Omega II, LP. 950 17th Street Suite 1400 Denver, CO 80202 | Shareholders Representative Services LLC Telephone:  303-648-4085 Email:  deals@srsacquiom.com | Debt Claim | | | | $5,415,510.00 |
| 4. SH Lifesize, LLC 950 17th Street Suite 1400 Denver, CO 80202 | Shareholders Representative Services LLC Telephone:  303-648-4085 Email:  deals@srsacquiom.com | Debt Claim | | | | $2,093,625.00 |
| 5. Craig Malloy 950 17th Street Suite 1400 Denver, CO 80202 | Shareholders Representative Services LLC Telephone:  303-648-4085 Email:  deals@srsacquiom.com | Debt Claim | | | | $1,994,519.00 |
| 6. Silicon Valley Bank 3003 Tasman Dr. Santa Clara, CA 95054 | Sheila Colson Telephone:  512-431-5874 Email:  scolson@svb.com | Trade Debt | | | | $1,405,297.00 |
| 7. Escalate Capital Partners SBIC III, LP 950 17th Street Suite 1400 Denver, CO 80202 | Shareholders Representative Services LLC Telephone:  303-648-4085 Email:  deals@srsacquiom.com | Debt Claim | | | | $1,020,922.00 |

DOCS_LA:349083.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. Calabrio, Inc.<br>241 5th Ave N<br>Suite 1200<br>Minneapolis, MN 55401-7506 | Susan Grassel<br>Telephone:  763-795-7830<br>Email: susan.grassel@calabrio.com | Trade Debt | | | | $899,971.00 |
| 9. Tippet Lifesize, LLC<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone:  303-648-4085<br>Email:  deals@srsacquiom.com | Debt Claim | | | | $697,875.00 |
| 10. Oracle America, Inc.<br>2955 Campus Drive<br>Suite 100<br>San Mateo, CA 94403-2511 | Gale Head<br>Telephone:  800-959-5936<br>Email: Customersvc@leaseadmincenter.com | Trade Debt | | | | $612,873.00 |
| 11. Persistent Systems Limited<br>402 E Senapati Bapat Road<br>Model Colony<br>Pune, INDIA 411 016 | Kuljesh Puri<br>Telephone: +91 (20) 67030000<br>Email: kuljesh_puri@persistent.com | Trade Debt | | | | $589,008.00 |
| 12. Blue Jeans Network, Inc.<br>3098 Olsen Drive<br>Floor 2<br>San Jose, CA 95128-2048 | Quazi Hossain<br>Telephone:  408-550-2828<br>Email:  ar@bluejeans.com | Trade Debt | | | | $556,980.00 |

DOCS_LA:349083.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 Benchmark Electronics (M) SDN BHD<br>Free Industrial Zone Phase 1<br>Bayan Lepas MALAYSIA 11900 | WenYuan Lee<br>Telephone: 604-648-5000<br>Email: PEN-LifeSizeTeam@bench.com | Trade Debt | | | | $416,815.00 |
| 14 DLA Piper LLP (US)<br>P.O. Box 64029<br>Baltimore, MD 21264-4029 | Michael Strapp<br>Telephone: 617-406-6031<br>Email: Michael.strapp@us.dlapiper.com | Legal Fees | | | | $386,480.00 |
| 15 TWILIO Inc.<br>101 Spear Street<br>Suite 100<br>San Francisco, CA 94105 | Eric Garcia<br>Telephone: 805-807-3347<br>Email: egarcia@twilio.com | Trade Debt | | | | $350,362.00 |
| 16 Michael Helmbrecht<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $297,735.00 |
| 17 Appsmart Agent Services, Inc.<br>650 California St.<br>Floor 25<br>San Francisco, CA 94108 | Tori Stowick<br>Telephone: 424-600-9384<br>Email: tori.stowick@appdirect.com | Trade Debt | | | | $286,602.00 |
| 18 Radianz Americas Inc.<br>P.O. Box 6368<br>Carol Stream, IL 60197-6368 | Jaime Newell<br>Telephone: 866-221-8623<br>Email: usbilling@bt.com | Trade Debt | | | | $277,830.00 |
| 19 Tom Cameron<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $268,334.00 |

DOCS_LA:349083.1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 Clayton Reed<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $230,588.00 |
| 21 Focus Services LLC<br>4102 S 1900 W<br>Roy, UT 84067 | Bryan Tesch<br>Telephone: 801-710-7200<br>Email: bryan.tesch@focusservices.com | Trade Debt | | | | $228,150.00 |
| 22 Insightsoftware, LLC<br>8529 Six Forks Road #400<br>Raleigh, NC 27615 | Jean Chambers<br>Telephone: 919-872-7800<br>Email: accounting@insightsoftware.com | Trade Debt | | | | $221,603.00 |
| 23 BCM Advanced Research<br>11 Chrysler<br>Irvine, CA 92618-2009 | Emily Cheng<br>Telephone: 949-470-1888, #250<br>Email: Emily_cheng@bcmcom.com | Trade Debt | | | | $212,860.00 |
| 24 Bobby Beckmann<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone: 303-648-4085<br>Email: deals@srsacquiom.com | Debt Claim | | | | $207,762.00 |
| 25 ValueLabs Inc.<br>3235 Satellite Blvd.<br>Building 400, Suite 300<br>Duluth, GA 30096 | Ravi Volete<br>Telephone: 843-469-5184<br>Email: ravi.volete@valuelabs.com | Trade Debt | | | | $202,736.00 |
| 26 Enoch Kever PLLC<br>7600 N Capital of Texas Hwy<br>Building B, Suite 200<br>Austin, TX 78731-1184 | Amy Prueger<br>Telephone: 512-615-1224<br>Email: aprueger@enochkever.com | Legal Fees | | | | $171,164.00 |

DOCS_LA:349083.1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Redpoint Omega Associates II, LLC<br>950 17th Street<br>Suite 1400<br>Denver, CO 80202 | Shareholders Representative Services LLC<br>Telephone:  303-648-4085<br>Email:  deals@srsacquiom.com | Debt Claim | | | | $167,490.00 |
| 28 | Farnam Street Financial, Inc.<br>5850 Opus Parkway<br>Suite 240<br>Minnetonka, MN 55343 | David Miller<br>Telephone:  650-468-2428<br>Email: DMiller@farnamstreet.net | Litigation | Unliquidated | | | Unknown |
| 29 | Brandywine Realty Trust<br>7700 W. Highway 71<br>Suite 250<br>Austin, TX 78735 | Karl Seelbach<br>Telephone:  512-960-4891<br>Email: karl@doyleseelbach.com | Litigation | Unliquidated | | | Unknown |
| 30 | Amazon Webb Services, Inc.<br>P.O. Box 84023.<br>Seattle, WA 98124-8423 | Lara Pryor<br>Telephone:  512-658-5572<br>Email:  larapryo@amazon.com | Trade Debt | Unliquidated | | | Unknown |

DOCS_LA:349083.1

# United States Bankruptcy Court
## Southern District of Texas

In re  **Serenova WFM, Inc.** Case No.
Debtor(s) Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Serenova WFM, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☑ None [*Check if applicable*]

**May 16, 2023** | **/s/ Benjamin L. Wallen**
Date | **Benjamin L. Wallen**
 | Signature of Attorney or Litigant
 | Counsel for **Serenova WFM, Inc.**
 | **Pachulski Stang Ziehl & Jones LLP**
 | **440 Louisiana Street**
 | **Suite 900**
 | **Houston, TX 77002**
 | **713-691-9385 Fax:713-691-9407**
 | **bwallen@pszjlaw.com**

# United States Bankruptcy Court
## Southern District of Texas

In re  **Serenova WFM, Inc.**  
Debtor(s)

Case No.  
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Serenova, LLC**<br>**216 West Village Blvd.**<br>**Suite 102**<br>**Laredo, TX 78041** | | | **100% Ownership Interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Co-Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **May 16, 2023**          Signature **/s/ Marc Bilbao**  
                                        **Marc Bilbao**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SERENOVA WFM, INC., | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Lifesize, Inc. (5803); SL Midco 1, LLC (6980), SL Midco 2, LLC (9192); Serenova, LLC (9208); Telstrat, LLC (5255); LO Platform Midco, Inc. (5738); Serenova WFM, Inc. (2823); and Light Blue Optics, Inc. (7669). The Debtors' service address is 216 West Village Blvd., Suite 102, Laredo, TX 78041.

DOCS_LA:348933.1

**Fill in this information to identify the case:**

Debtor name: **Serenova WFM, Inc.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known):

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Certification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 16, 2023**    X **/s/ Marc Bilbao**
Signature of individual signing on behalf of debtor

**Marc Bilbao**
Printed name

**Co-Chief Restructuring Officer**
Position or relationship to debtor